UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY LEE DAVIS,<br>             Defendant. | Criminal No.  05-421M-01 |

**DETENTION MEMORANDUM**

The Defendant, Jeffrey Lee Davis, has been charged in a criminal complaint with unlawful possession of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, violation of 21 U.S.C. § 841(a)(1).  The government requested a preliminary and detention hearing, which was held on August 2, 2005.  At the conclusion of the hearing, the Court found probable cause and that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Detective Steven Z. Greene, a sworn officer of the Metropolitan Police Department, testified for the government.  The officer testified that on July 27, 2005, at

- 1 -

approximately 4 a.m., several sworn officers traveled to Kirby and Morgan Streets, N.W., Washington, D.C., after receiving information that drugs were being sold in the area. Detective Greene stated that officers also learned that Defendant was selling drugs in a wooded area on the corner of New York Avenue and Kirby Street. When police officers approached the corner, Defendant fled from the wooded area. The officers eventually apprehended Defendant, and seized a small black purse containing thirty-six pieces of a loose white rock-like substance and seven small bags containing a similar white rock-like substance. The rock-like substance subsequently field tested positive for cocaine. In addition to the drugs, police officers seized a large folding knife and a glass pipe, commonly used for smoking crack-cocaine from Defendant.

## Discussion

Having heard the testimony at the August 2, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed offenses in violation of 21 U.S.C. § 841(a)(1). When, as here, the Court finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C.

§ 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant possessed a total of 164.2 grams of crack cocaine, as well as a knife. The amount of drugs involved strongly indicates that Defendant planned to sell the crack cocaine to others. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. Police officers received information that drugs were being sold in a wooded area on the corner of New York Avenue and Kirby Street and Defendant fled from that area upon witnessing the officers. Additionally, the officers seized the drugs from Defendant after his capture.

The third factor, the history and characteristics of the Defendant, strongly supports pretrial detention. This Defendant has several prior convictions, including one felony drug conviction and several misdemeanor drug convictions. Additionally, Defendant was a fugitive at the time of his arrest; he was on post-conviction probation from the District of Columbia Superior Court and failed

to appear for a May 10, 2005 show cause hearing. The Defendant is currently being held without bond by the District of Columbia Superior Court.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves narcotics. This clearly demonstrates that he is a substantial danger to the community. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics trafficking is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.


Dated: August ____, 2005                    _____
                                             ALAN KAY
                                             UNITED STATES MAGISTRATE JUDGE