UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 05-319 (RMC) |
| v. : | **FILED** |
| JEFFREY DAVIS, : | NOV 29 2005 |
| Defendant. | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## FACTUAL PROFFER

This event occurred on July 27, 2005, at approximately 4:00am in the area of Kirby and Morgan Streets, NW, Washington, DC. Officers from the Metropolitan Police Department's First District were investigating drug activity in the area based on a report from a citizen. Officers noticed a Black male in the area holding a glass pipe which they knew from their training and experience to be commonly used for smoking crack cocaine. This person directed the officers to another Black male who was hiding in some shrubbery next to a children's playground in the area. When officers approached the male, later identified as the defendant, Jeffrey Davis, he ran from them and scaled a fence in an effort to get away from the officers. Officers ordered him to stop, and were able to place themselves between the fence and the defendant, thus cutting off his point of exit. The defendant was discovered to be in possession of a black purse, which he was holding in his hand. Officers searched the purse, and found it to contain 36 loose white rocks and 7 clear zips with white rocks, all of which the officers suspected to be crack cocaine. Search incident to arrest for the cocaine revealed that the defendant had $229 in US currency, and a clear glass pipe commonly used to smoke cocaine in his left front pants pocket, and a large folding knife in his right front pocket. All of the white rock substances and the glass pipe were tested by a chemist of the Drug Enforcement Administration's Mid-

Atlantic Regional Laboratory where they were quantitatively and qualitatively analyzed by a qualified forensic chemist and found to contain cocaine base, commonly known as crack cocaine which is capable of being smoked. The total weight of the crack cocaine was 17.2 grams. If there were to be a trial in this matter, a police officer from the Metropolitan Police Department with experience, training, and expertise in the methods, manner, and packaging of drugs sold on the streets of the District of Columbia would testify that all of the circumstances in this case indicate that the defendant possessed the drugs with the intent to distribute them.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
WANDA J. DIXON

*Defendant's Acceptance*

    I have read both pages of the Government's Proffer of Proof and have discussed it with my attorney, Tony Miles, Esquire. I fully understand this document and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses charged.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the plea agreement. I am satisfied with the legal services provided by my attorney in connection with my plea agreement and matters related to it.

Date: 11-29-05                        _____
                                      JEFFREY DAVIS, Defendant

*Attorney's Acknowledgment*

I have read both pages constituting the Government's Proffer of Proof, reviewed them with my client and discussed the provisions of the Proffer with my client, fully. These pages accurately and completely set forth the evidence as we understand it. I concur in my client's desire to plead guilty as set forth in the agreement.

Date: 11/29/05

TONY MILES Esquire
Attorney for the Defendant