UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO.   05-319-01(RMC) |
| | : | |
| | : | |
| **JEFFREY A. DAVIS,** | : | |
| **Defendant.** | | |

## GOVERNMENT'S MOTION TO UPDATE PRESENTENCE REPORT AND CONSENT TO WAIVE DEFENDANT'S APPEARANCE

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, moves the Court to ask the United States Probation Office to prepare a short one or two page supplement to the existing pre-sentence report, and through this motion, the Government invites the consent of defense counsel to waive appearance of the defendant for resentencing. The Government asserts the following in support of this motion:

**Procedural History**

1. On February 17, 2006, the court sentenced the above defendant to serve 84 months after a conviction by guilty plea to an offense of possession with the intent to distribute 5 grams or more of cocaine base. The sentencing did not involve a substantial assistance departure, and the court sentenced the defendant to the low end of the sentencing guideline range (84-105 months), based upon an adjusted offense level of 23 and a criminal history category of V.

2. At sentencing, the defendant argued that the court should impose a sentence below the guideline range because the cocaine base (crack) sentencing guidelines regime creates a racially disproportionate impact on African Americans. The court declined to depart and rejected the defendant's departure request stating that 'there are very good and sound reasons why the regimen

[refering to the U.S.S.G. Manual]could and might be changed, but that I don't think it's in my prerogative to ignore the guidelines and the sentencing structure that Congress has put in place." The court pointed out however that she did not feel that she was prohibited from departing and added, "That doesn't mean in any individual case a sentence might not be different than the guidelines would suggest."

3. Thereafter, the defendant appealed the sentence. In the interim, the U.S. Supreme Court rendered a decision in United States v. Kimbrough, 128 S. Ct. 558, ____ U.S. ____, 2007. That decision rendered the cocaine provisions of the Sentencing Guidelines as merely advisory, and departures from such guidelines are not per se unreasonable. In March, 2008, the U.S. Sentencing Guidelines Commission implemented a retroactive ruling reducing the sentencing guideline base offense by two levels for those sentenced for violation of laws pertaining to cocaine base. The ruling was retroactive and had the consequence of allowing for the re-sentencing of approximately 12,000 federal prisoners who may have been sentenced for offenses involving cocaine base.

4. On March 5, 2008, upon joint motion for remand, the United States Court of Appeals for the District of Columbia Circuit issued an order directing the resentencing of the defendant in this case. United States v. Jeffrey Lee Davis, No. 06-3042, (D.C. Cir. 2008).

**Request for Updated Pre-Sentence Report**

5. In connection with the remand, the Pre-Sentence Report prepared by the U.S. Probation Office and dated February 8, 2006, and accepted by this court at sentencing, should be supplemented to include the following: a brief statement (perhaps one paragraph) of the adjusted base offense level using the new retroactive base offense level under §2D1.1, U.S.S.G. Manual; and a brief statement

(perhaps another paragraph) of any relevant accomplishments and/or disciplinary violations of the defendant since imprisoned. The Government anticipates that the revised guidelines score and range will be 21/V (range of 70 - 87 months) as opposed to the score of 23/V (range of 84-105 months) applicable at the time of imposition of the defendant's sentence.

### Appearance of the Defendant

6. The joint motion for remand sought only to determine whether or not the court would have applied the reduced sentencing guideline range now made retroactive by action of the U.S. Sentencing Guidelines Commission. In such a case, a hearing would not normally be required and the matter could be decided by the court on the pleadings alone. For example, if the supplemental pre-sentence report reflects a new guideline range of 70-87 months, and the court's intention was then and is now, to select the low end of the guideline range (then 84), now the new low end of the guideline range might be 70 months. If so, the court could simply issue an amended Judgement and Commitment order reducing the defendant's sentence to the new low end of the guideline range, citing retroactive application under 18 U.S.C. § 3582(c)(2) effective March 3, 2008, pursuant to the terms of the U.S.S.G. § 1B1.10 as amended December 11, 2007. The ruling could thereby be expedited on the pleadings without need of a hearing and without need of obtaining the defendant's appearance under a writ. The Government suggests this as a possible scenario only and does not assume that the court would be so inclined to select the low end of the new guideline range. Similarly, the Government does not mean to presume that the court is required to select any sentence within the new guideline range, and may intend to reimpose the 84 months previously selected, because after all, United States v. Booker, 543 U.S. 220 (2005) rendered the guidelines as merely advisory, not mandatory, and now United States v. Kimbrough, 128 S. Ct. 558, ____ U.S. ____,

2007, hold that the cocaine guideline ranges are advisory only and sentences imposed outside the guideline range for cocaine are not per se unreasonable.

7.  If however a hearing is required or otherwise desired, the Government will request the U.S. Marshals Service to transport the defendant to this jurisdiction on or before a date certain, to appear for a resentencing.  The U.S. Marshals Service request 30 days advanced notice in order to transport a prisoner to this jurisdiction for a court appearance.

8.  Consequently, the Government requests this court to direct the U.S. Probation Office to prepare a brief supplement to the existing Pre-Sentence Report, to include calculations of the adjusted base offense level, criminal history category, and proposed guideline sentence range based upon the guideline amendments of December 11, 2007, and effective March 3, 2008.  Thereafter, with a response from defense counsel, the court could issue a ruling determining whether the defendant's appearance is waived and the resentencing will be accomplished without a hearing, or

whether the matter will be scheduled on a date certain for a contested sentencing hearing with the defendant's appearance required.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498-233

_____

JOHN P. DOMINGUEZ
Assistant United States Attorney
D.C. Bar No. 959809
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4205
Washington, DC 20001
(202) 514-7060; Fax: 514-8707
E-mail: John.Dominguez@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I caused a copy of the foregoing to be served by ECF upon the attorney for the defendant:

Tony W. Miles

Assistant Federal Public Defender

625 Indiana Ave. N.W., Suite 550

Washington, D.C.  20004

tel. 208-7500

fax: 202-208-7515


and by courier to

Monica Johnson

U.S. Probation Officer

U.S. Courthouse

Washington, D.C.  20001

202-565-1332


this <u>7th</u>      day of May, 2008.

                                                _____

                                                JOHN P. DOMINGUEZ

                                                ASSISTANT UNITED STATES ATTORNEY