UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO.   05-319-01(RMC) |
| | : | |
| | : | |
| **JEFFREY A. DAVIS,** | : | |
| **Defendant.** | | |

### GOVERNMENT'S SENTENCING MEMORANDUM AFTER JOINT REMAND

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, recommends that the court re-sentence the defendant to a guideline term of between 70 and 87 months. Further, the Government asks that the court expressly rule that this resentencing will be treated as the defendant's request for remand pursuant to 18 U.S.C. §3582(c)(2) even though the defendant has not filed such a pleading. The Government asserts the following in support of this memorandum.

2. On March 5, 2008, upon joint motion for remand, the United States Court of Appeals for the District of Columbia issued an order directing the resentencing of the defendant. United States v. Jeffrey Lee Davis, No. 06-3042, (D.C. Cir. 2008). After the February 17, 2006 sentencing, the U.S. Supreme Court decided United States v. Kimbrough, 128 S. Ct. 558, ____ U.S. ____, 2007. That decision rendered the cocaine provisions of the Sentencing Guidelines as merely advisory, and departures from such guidelines are not per se unreasonable. In March, 2008, the U.S. Sentencing Guidelines Commission implemented a retroactive ruling reducing the sentencing guideline base offense by two levels for those sentenced for violation of laws pertaining to cocaine base. This retroactive ruling had the consequence of allowing for the re-sentencing of approximately 12,000

federal prisoners who had been sentenced for offenses involving cocaine base. Eligible prisoners seeking a reduction of sentence may do so by filing a petition under 18 U.S.C. §3582(c)(2). No such explicit petition has been filed in this case. Although the appellate order remanding for resentencing did not explicitly say why the sentencing should remanded, nor did it explicitly say what is to be considered during the remand, the record indicates that the parties intended that the resentencing should consider the impact of the Kimbrough decision AND the retroactive guidelines change under 18 U.S.C. §3582(c)(2). Clearly, the defendant argues the applicability of both prongs in their memorandum in aid of sentencing (document 29) footnotes 3 and 4, page 2. Following a resentencing under Kimbrough only, the defendant would be in a position to request yet another remand for resentencing pursuant to 18 U.S.C. §3582(c)(2). Such a scenario would generate a waste of judicial resources. Consequently, the Government requests that the court inquire of the defendant his consent to proceed with resentencing as if both issues had been raised explicitly. In the unlikely event that the defendant declines to proceed accordingly, the court should postpone the sentencing to allow the defendant time to file an explicit petition requesting resentencing under 18 U.S.C. §3582(c)(2), then resentence to resolve both justifications for remand, Kimbrough and 18 U.S.C. §3582(c)(2).

    3. On February 17, 2006, the defendant argued facts which supported the guidelines revisions now imposed by 18 U.S.C. §3582(c)(2) and argued facts which urged the court to impose a sentence below the guideline range because the cocaine base (crack) sentencing guidelines regime creates a racially disproportionate impact on African Americans. The court declined to depart and rejected the defendant's departure request stating that 'there are very good and sound reasons why the regimen [refering to the U.S.S.G. Manual]could and might be changed, but that I don't think it's

in my prerogative to ignore the guidelines and the sentencing structure that Congress has put in place." The court pointed out however that she did not feel that she was prohibited from departing and added, "That doesn't mean in any individual case a sentence might not be different than the guidelines would suggest." Clearly, on February 17, 2006, the court knew that the guidelines were advisory only and that she had the discretion to depart from them. She simply chose to impose a sentence that was within the guideline range.

    4. Since the supplemental pre-sentence report reflects a new guideline range of 70-87 months, recalculated in accordance with the most recent amendment to reduce the cocaine crack offense levels by 2 levels, the court has the discretion to follow it, or not, and may simply reimpose the original sentence. In any event, here the court does not have the discretion to impose a sentence below the 60 month statutory mandatory minimum. Whatever sentence the court selects to represent

the term of imprisonment, we see no reason to change anything else and all other judgements of the original sentence imposed on February 17, 2006 should remain unchanged.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498-233

_____

JOHN P. DOMINGUEZ
Assistant United States Attorney
D.C. Bar No. 959809
Organized Crime and Narcotics Section
555 4th Street, N.W.  #4205
Washington, DC 20001
(202) 514-7060; Fax: 514-8707
E-mail: John.Dominguez@usdoj.gov

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served by ECF upon the attorney for the defendant:

Tony W. Miles

Assistant Federal Public Defender

625 Indiana Ave. N.W., Suite 550

Washington, D.C.  20004

tel. 208-7500

fax: 202-208-7515


and by courier to

Monica Johnson

U.S. Probation Officer

U.S. Courthouse

Washington, D.C.  20001

202-565-1332


this <u>30th</u> day of July, 2008.

                                                                    _____

                                                                    JOHN P. DOMINGUEZ

                                                                      ASSISTANT UNITED STATES ATTORNEY